# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1870

_____

Angel Alex Cun-Luc

*Petitioner*

v.

Eric H. Holder, Jr.

*Respondent*

_____

No. 13-2788

_____

Angel Alex Cun-Luc

*Petitioner*

v.

Eric H. Holder, Jr.

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 17, 2014
Filed: June 13, 2014
[Unpublished]

_____

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Angel Alex Cun-Luc petitions for review of two orders of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's ("IJ's") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and denied Cun-Luc's motion to reopen the proceedings. The IJ and BIA determined that Cun-Luc's asylum application was untimely and that no extraordinary circumstances excused his untimely filing. We lack jurisdiction to review this determination. *See* 8 U.S.C. § 1158(a)(3) (providing that no court shall have jurisdiction to review any determination regarding the untimeliness of an asylum application); *Ngure v. Ashcroft*, 367 F.3d 975, 989 (8th Cir. 2004) (holding that we lack jurisdiction to consider a challenge to an IJ's timeliness determination and that a petition for review of the Attorney General's denial of asylum based on untimeliness must be rejected). Cun-Luc's brief focused exclusively on the merits of his asylum claim, which the IJ and BIA alternatively rejected. However, because the untimeliness of his asylum application is an independent and adequate basis to deny it, we need not reach the merits of his asylum claim. Accordingly, we dismiss for lack of jurisdiction Cun-Luc's petition as to his asylum claim.[1]

_____

[1]The BIA orders of which Cun-Luc seeks review also denied his application for withholding of removal, his request for CAT relief, and his motion to reopen the proceedings. However, Cun-Luc's brief did not contain any meaningful argument on these issues. We therefore deem them waived and decline to address them. *See* *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).